**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,            )<br>                                                     )<br>                          Plaintiff,      )<br>                                                     )<br>v.                                                 )<br>                                                     )<br>Marco Montes-Medina,               )<br>                                                     )<br>                          Defendant/Movant.  )<br>_____) | CV 06-0982  PHX-ROS (JM)<br>CR 98-0844  PHX-ROS<br><br>**REPORT AND<br>RECOMMENDATION** |

Pending before this Court is Movant's amended Motion for Sentence Modification Pursuant to 28 U.S.C. § 2255. *Docket No. 69.* In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, deny the Motion.

**I.    Conviction and Sentence**

Movant was arrested in Las Vegas, Nevada in 1995 and charged with a federal drug offense in District of Nevada, case number CR-S-95-274-PMP. He was released pending trial but absconded, failing to appear for sentencing and the court issued a bench warrant for his arrest.

On August 11, 1998, Movant, along with two co-defendants, was charged in this district in case number CR 98-844-PHX-ROS with violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(I), and 846, conspiracy to distribute a controlled substance. *Docket Nos. 1* (Complaint) *and 39* (Indictment). Before Movant was sentenced in the District of Arizona,

1  he was transported to the District of Nevada for sentencing in CR-S-95-274-PMP. On or
2  about August 26, 1998, Movant was sentenced to 120 months imprisonment based on the
3  original guilty plea he had entered in the Nevada case.
4       On February 24, 1999, Movant entered a guilty plea in the Arizona case and, on
5  March 3, 1999, the plea was accepted by the District Judge. *Docket Nos. 52* (Change of
6  Plea) *and 53* (Order Accepting Plea). On May 13, 1999, Movant was sentenced in Arizona
7  to 60 months imprisonment, with the sentence to be served consecutively to the 120 month
8  sentence imposed by the District of Nevada in CR-S-95-274-PMP.
9       On May 18, 1999, Movant filed a Notice of Appeal in CR 98-844-PHX-ROS. *Docket*
10 *No. 59*. On May 25, 2000, the Ninth Circuit Court of Appeals issued its mandate dismissing
11 the appeal for lack of jurisdiction. *Docket No. 60*.
12      In the pending Motion, which was filed on April 6, 2006, Movant contends that the
13 District Court did not consider the disparities between the sentence imposed on the Movant
14 in CR 98-844-PHX-ROS and those imposed on his co-defendants, who were charged under
15 a different case number, CR 98-821-PHX-SMM. In response, the Government asserts that
16 the Motion is untimely and that Movant is not entitled to tolling of the limitations period.

17 **II.     Discussion**
18     **A.     The Motion is Untimely**
19      Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a one-year
20 limitations period applies to motions filed pursuant to 28 U.S.C. § 2255. Specifically, the
21 statute provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In *Clay v. United States*, 537 U.S. 522 (2003), the Supreme Court held that "[a] motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from the date on which the Judgment of conviction becomes final." *Id.* at 524. As the Supreme Court has explained, "[b]y 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky,* 479 U.S. 314, 321 n. 6 (1987).

Because Movant did not seek review by the United States Supreme Court, the limitations period began to run on August 23, 2000, which is 90 days after May 25, 2000, the date on which the Ninth Circuit Court of Appeals issued its mandate dismissing his appeal for lack of jurisdiction. *See* Rules of the Supreme Court of the United States, Rule 13 (providing time limit for filing petition). Movant had until August 23, 2001, the file a timely motion under section 2255. Thus, without the benefit of tolling, the instant motion, which was filed on April 6, 2006, is clearly untimely.

### B. Movant is not Entitled to Tolling

Movant contends that he is entitled to tolling of the limitations period based on section 2255(4). Tolling of the AEDPA's statute of limitations is "unavailable in most cases" and permissible only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted). The burden is on the movant to show that the exclusion applies and theat the "extraordinary circumstances" alleged, rather than a lack of diligence on his part, were the proximate cause of his untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003).

Movant contends that he is entitled to tolling because he had no knowledge of the sentences imposed on his co-defendants, was unaware that the issue of sentencing disparity was a factor for consideration which could impact his final sentence, and was without counsel after his sentencing. The Court concludes that these considerations are insufficient to establish the existence of extraordinary circumstances or that he was incapable of filing a timely petition. *See Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir. 2001) (per curiam) (petitioner must show that "extraordinary circumstances" were the "but-for and proximate cause of his untimeliness"). As the Government observes, Movant has not described his efforts to either obtain the records reflecting his co-defendants' sentences or his efforts to research potential grounds for relief. *See, e.g., Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999) (stating that "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate"). Being without counsel might support a brief period of tolling to allow Movant to attempt to obtain the necessary records and conduct research, but Movant allowed close to six years to pass before taking any action in this case. These considerations do not support a finding that Movant exercised diligence to overcome any alleged "extraordinary circumstances" he faced. It is therefore recommended that the District Court find that tolling is not warranted and dismiss the Motion as untimely.

### III. Recommendation

For all of the above reasons, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, issue an Order **denying** Movant's amended Motion for Sentence Modification Pursuant to 28 U.S.C. § 2255 [*Docket No. 69*].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See*

28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 06-982-PHX-ROS / CR 99-844-PHX-ROS**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 23rd day of October, 2006.

_____
Jacqueline Marshall
United States Magistrate Judge

5